PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY COCHRAN, | ) | |
| | ) | CASE NO.  4:20CV1987 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| G. SCHAFFER, et al., | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 2, 6, 7, 16] |

*Pro se* Plaintiff Larry Cochran seeks to proceed *in forma pauperis* in this *Bivens*[1] action against G. Schaffer, S. Grimm, and B. McGowan.  At the time of the filing of the Complaint (ECF No. 1), Plaintiff was a federal inmate incarcerated at FCI Elkton.  Plaintiff has informed the Court that he is now incarcerated at FCI Cumberland.  ECF No. 14.[2]  Plaintiff claims that Defendants violated his constitutional rights when he was disciplined for attempted escape by being housed in FCI Elkton's Segregated Housing Unit (SHU).  For the reasons set forth below, Plaintiff's motion to proceed in forma pauperis (ECF No. 7), is denied, and this action is dismissed without prejudice pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g).[3]

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] *See also* Bureau of Prisons ("BOP") website (https://www.bop.gov/inmateloc/ (last visited February 26, 2021)).

[3] Plaintiff's first, incomplete, motion to proceed *in forma pauperis* (ECF No. 2) is also denied.  Plaintiff's motion to consolidate this matter with the previously-dismissed Case No. 4:20-CV-1998 is denied (ECF No. 6).  Plaintiff's Motion For Screening (ECF No. 16) is denied as moot.

(4:20CV01987)

## I. Background

Plaintiff is no stranger to the federal courts.  Prior to his incarceration at FCI Elkton, Plaintiff was incarcerated within the Northern District of Indiana.  There, at least four of his cases were dismissed under the requirements of 28 U.S.C. §§ 1915, 1915A.  *Cochran v. U.S. Dept. of Justice*, 2:20CV327, ECF No. 3 at 2 (N.D. In filed Sept. 9, 2020) (collecting cases).   Since his move to FCI Elkton, Plaintiff has had at least one additional case dismissed for failing to state a claim.  *Cochran v. FCI Elkton*, No. 4:20CV01998, ECF No. 16 (N.D. Ohio filed Dec. 28, 2020). As Plaintiff has been undeterred by the repeated dismissals of his cases, multiple federal courts have expressly considered, and actually imposed, sanctions, including at least one filing injunction.  *Cochran v. U.S. Dept. of Justice*, 2:20CV327, ECF No. 3 at 2 (N.D. IN filed Sept. 9, 2020).

Here, Plaintiff explains that, in his underlying criminal case, he filed a request for compassionate release due to his deteriorating medical condition.  ECF No. 1 at PageID #: 2. Plaintiff claims that he was falsely accused of altering an approval letter regarding his request for compassionate release and this false accusation resulted in a disciplinary hearing during which he was found guilty of attempted escape and consequently confined in the SHU.  *Id.*  Plaintiff states that C.A. Unit Case Manager, B. McGowan, forwarded the alleged false information to Lieutenant G. Schaffer; the lieutenant conducted an investigation and interviewed Plaintiff; and the disciplinary hearing officer, S. Grimm, found Plaintiff guilty based upon this "false" evidence.  *Id.*  Plaintiff contends that Defendants' roles in the disciplinary process violated his right to due process, subjected him to cruel and unusual punishment, and denied him equal

2

(4:20CV01987)

protection of the laws.  *Id.* at PageID #: 12.  Plaintiff also contends that Defendants conspired to

violate his rights and engaged in the intentional infliction of emotional distress.  *Id.*

In a filing made two months after the filing of the Complaint, Plaintiff asserts that the

nature of his punishment, being placed in the SHU at FCI Elkton, puts him in imminent physical

danger in light of his existing medical conditions, including that he is blind and confined to a

wheelchair.  ECF No. 10.  Specifically, Plaintiff alleges that confinement in the SHU leaves him

without the ability to maintain minimum hygiene and to properly take the correct doses of

various medications he requires to manage multiple serious medical conditions.  *Id*.  Plaintiff has

not sought a temporary restraining order, or any other form of expedited relief.

## II.  Standard of Review

Under 28 U.S.C. § 1915(a), a court may authorize the commencement of an action

without prepayment of fees if an applicant has shown by affidavit that he satisfies the criterion of

poverty.  Prisoners, however, become responsible for paying the entire amount of their filing fees

and costs from the moment they file the complaint.  28 U.S.C. § 1915(b).  When an inmate seeks

pauper status, the Court determines whether the inmate pays the entire fee immediately or over

time.  *Id.*  Absent imminent danger, the installment plan is not offered to prisoners who have

earned three "strikes" that is, "who has, on three or more prior occasions, while incarcerated,

brought an action or appeal ... that was dismissed on the grounds that it [was] frivolous,

malicious, or failed to state a claim upon which relief may be granted[.]"  28 U.S.C. § 1915(g).

The language of § 1915(g) is not discretionary – the Court may not allow a prisoner to

proceed *in forma pauperis* after he has earned three strikes.  28 U.S.C. § 1915(g) ("In no event

(4:20CV01987)

shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this

section...").  The Supreme Court has held that dismissals without prejudice qualify as strikes.

*Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020).

Under 28 U.S.C. § 1915(g), the three strikes provision will not apply if a "prisoner is

under imminent danger of serious physical injury."

> As the other circuits have recognized, the only tense used in the relevant
> clause—"unless the prisoner is under imminent danger of serious physical
> injury"—is the present, and so the plain language of § 1915(g) requires the imminent
> danger to be contemporaneous with the complaint's filing. *See, e.g.*, *Malik*, 293 F.3d
> at 562–63 ("Because § 1915(g) uses the present tense in setting forth the imminent
> danger exception, it is clear from the face of the statute that the danger must exist at
> the time the complaint is filed."); *Ashley*, 147 F.3d at 717 ("As the statute's use of the
> present tense ... demonstrates, an otherwise ineligible prisoner is only eligible to
> proceed [in forma pauperis] if he is in imminent danger at the time of filing."
> (emphasis in original)).

*Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011).

Generally, "[a] prisoner-plaintiff with three strikes falls outside the exception when he

*was* in imminent danger but is no longer at the initiation of proceedings in federal court."

*Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (Emphasis added).  Although the

Sixth Circuit has not offered a precise definition of "imminent danger," it has suggested that the

threat of serious physical injury "must be real and proximate." *Rittner v. Kinder*, 290 F. App'x

796, 797 (6th Cir. 2008).  Moreover, the imminent danger exception "is essentially a pleading

requirement subject to the ordinary principles of notice pleading." *Vandiver*, 416 F. App'x at

562. *See also Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (suggesting that courts

should focus solely on the facts alleged when deciding whether a prisoner faces imminent

danger).

4

(4:20CV01987)

### III. Analysis

Because Plaintiff has more than three strikes, he may only proceed *in forma pauperis* if his Complaint demonstrates that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Plaintiff's Complaint does not make this showing.  While Plaintiff asserts that he was placed in the SHU without proper cause, the Complaint does not explain any imminent danger as a result of his placement in the SHU at FCI Elkton.[4]  Plaintiff's first attempts to meet the imminent danger pleading requirements came months later after the filing of the Complaint, when he filed an "Imminent Danger of Serious Physical Injury/Harm a More Definite Statement." ECF No. 10.

Even if the Court were to agree that Plaintiff's allegations made in his subsequent filing demonstrated a risk of imminent danger, all of Plaintiff's assertions of imminent danger relate to the conditions of his confinement in the SHU at FCI Elkton.  The docket, including Plaintiff's own filings, document that Plaintiff is no longer housed at FCI Elkton, and Plaintiff has made no allegation that he is in imminent danger now that he has been relocated to FCI Cumberland.

Although it is generally true that courts within the Sixth Circuit evaluate Plaintiff's allegations as of the moment in time the Complaint was filed, *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013), the unique factual circumstances of this case and text of § 1915 convinces the Court that it would be inappropriate to ignore the present realities of

---

[4]  As an experienced federal litigant, Plaintiff should be aware that "[i]t is Plaintiffs' responsibility to edit and organize their claims and supporting allegations into a manageable format in a single document." *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008) (quoting *Windsor v. Colorado Dep't. of Corr.*, 9 Fed.Appx. 967, 968 (10th Cir. 2001)).

(4:20CV01987)

Plaintiff's situation in making its determination.  Nevertheless, because Plaintiff has not made

any assertion that he is in imminent danger in FCI Cumberland, the Court denies his motion to

proceed *in forma pauperis*.

While a plaintiff may *request* to proceed under § 1915 when he files a complaint, he

requires permission of the Court to *bring* an action *under* § 1915.  As the Supreme Court has

explained, the "'three strikes' provision prevents a court from affording *in forma pauperis* status

when the litigant is a prisoner and" has earned three strikes.  *Coleman*, 575 U.S. at 532.  It

prevents the Court from *affording the status*, which a court does at some point after the

complaint is filed, leaving some room for the docket to reveal, and/or Plaintiff to share, a

material change in circumstance, even within a short period.[5]  Additionally, the imminent danger

exception is not only written in the present tense, but in asking the Court to evaluate the

imminence of any danger, § 1915(g) directs the Court to concern itself with the here and now, to

evaluate whether something is "ready to take place" or "happening soon."  *Imminent*, Merriam-

Webster (Online Ed. 2020).

Furthermore, Plaintiff did not even file a complete motion to proceed *in forma pauperis*

in this matter until after he was moved out of FCI Elkton.  While this action was filed on

September 3, 2020, Plaintiff did not file the statutorily required inmate account statement[6] until

---

[5]  Indeed, the Sixth Cirucit has recently stated that this case has "not been pending
for an unduly long time[.]" ECF No. 17 at PageID #: 113.

[6]  28 U.S.C. § 1915(a)(2) states:

A prisoner seeking to bring a civil action or appeal a judgment in a civil
action or proceeding without prepayment of fees or security therefor, in

(continued...)

(4:20CV01987)

December 2, 2020.  ECF No. 13.  According to Plaintiff, he began his transfer on October 28, 2020.  ECF No. 14 at PageID #: 100.  That Plaintiff filed his complaint prematurely should not override the present realities of the docket.

Because Plaintiff has stated facts that unequivocally demonstrate that he is not presently in imminent danger, it would be inappropriate to apply the imminent danger exception to this case, and allow Plaintiff to proceed *in forma pauperis* in spite of his many previous strikes.

While the Court will not issue a filing injunction against Plaintiff at this time, the Court cautions Plaintiff that the Court is inclined to issue a filing injunction similar or identical to the injunction issued against him in the Northern District of Indiana if Plaintiff continues to file frivolous cases and clutter the docket with frivolous filings within this district.  Such an injunction would broadly preclude Plaintiff from making non-habeas civil filings in this District "until he has paid in full all outstanding filing fees and sanctions imposed by any federal court." *Cochran v. U.S. Dept. of Justice*, 2:20CV327, ECF No. 3 at 4 (N.D. In filed Sept. 9, 2020).

### IV.  Conclusion

Plaintiff's motion to proceed *in forma pauperis* is denied, and this action is dismissed without prejudice pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g).  If Plaintiff wishes to continue this case, he must within thirty (30) days of the entry of this Memorandum of Opinion and Order:  (1) pay the $400 filing fee in full, noting the above case style and number;

---

[6](...continued)
addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

(4:20CV01987)

and (2) file a motion to reopen the case.  Prior to granting any such motion, the Court will screen

the substance of the Complaint in accordance with 28 U.S.C. § 1915A.  The Court certifies,

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good

faith.

IT IS SO ORDERED.


 February 26, 2021                              /s/ Benita Y. Pearson
Date                                            Benita Y. Pearson
                                                United States District Judge

8